**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

**KENNETH SNOWDEN**;
**DAVID FRANCIS**;
**KEVIN STEWART**;
**DARNELL MUNDEN**;
**DURAN CARRINGTON**; and,                    **Case No.**
**MICHAEL HARRIS**;                              **Hon.**
                                                **Magistrate:**

      Plaintiffs,

v.

**PRINCE GEORGE'S COUNTY**
**DEPARTMENT OF CORRECTIONS**,
a municipal agency;

**MARY LOU MCDONOUGH**, Director,
Prince George's County Department
of Corrections, in her official capacity,
only;

**COLONEL MARK E. PERSON,** Deputy
Director, Bureau of Operations, Prince
George's County Department of
Corrections, in his official capacity,
only;

**CORRENE LABBÉ,** Deputy Director,
Bureau of Administration, Prince
George's County Department of
Corrections, in her official capacity,
only; and,

**UNIDENTIFIED CHAPLAIN**, Chaplain,
Prince George's County Department of
Corrections, in his official and individual
capacities;

      Defendants.
_____/

## <u>COMPLAINT</u>

Plaintiffs, **KENNETH SNOWDEN, DAVID FRANCIS, KEVIN STEWART, DARNELL MUNDEN,**

**DURAN CARRINGTON** and **MICHAEL HARRIS** (collectively "Plaintiffs"), by and through their

undersigned counsel, file this Complaint against Defendants **MARY LOU MCDONOUGH, COLONEL MARK E. PERSON, CORRENE LABBÉ** and **UNIDENTIFIED CHAPLAIN** (collectively "Defendants"), for religious discrimination in violation of the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. Sec. 2000cc *et seq.*, pursuant to 28 U.S.C. § 1331, and state as follows:

### Introduction

1.      Defendants have unlawfully implemented an Islam-specific policy concerning the religious practices of Muslim inmates, and not inmates of other faiths, thus treating Muslim inmates less favorably than inmates of other faiths.

2.      Defendants have arbitrarily and unjustly established a Muslim Religious Services Policy prohibiting these Plaintiffs and other Muslim inmates similarly situated from performing Friday religious services and daily congregational prayers; whereas, inmates of other faiths are permitted to congregate regularly throughout the day.

### Jurisdiction and Venue

3.      This Court has original federal question jurisdiction over Plaintiffs' claims of violations of the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., pursuant to 28 U.S.C. § 1331.

4.      This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1343 over Plaintiffs' claims regarding the deprivation under color of State law of rights secured by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

5.      This Court has personal jurisdiction over Defendants because Defendants reside and conduct business in the State of Maryland.

6.      This Court has jurisdiction over Plaintiffs' constitutional claims pursuant to 42 U.S.C. § 1983.

7.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1343, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general, legal, and equitable powers of this Court.

8.      Plaintiffs' claims for attorneys' fees and costs are predicated upon 42 U.S.C. §§ 1988 and 2000cc-2(d), which authorize the award of attorneys' fees and costs to prevailing parties, pursuant to 42 U.S.C. § 1983 and RLUIPA.

9.      Venue is proper under 42 U.S.C. § 1391 as to all Defendants because Defendants operate within the geographical boundaries of the State of Maryland, and the substantial part of the acts described herein occurred within this District.

**Plaintiffs**

10.      Plaintiff Kenneth Snowden is an individual, a male, a Muslim and an inmate at Prince George's County Department of Corrections (Inmate No. A46680), and was at all relevant times considered a "person confined to an institution" as the term is defined in 42 U.S.C. § 2000cc *et seq.*

11.      Plaintiff David Francis is an individual, a male, a Muslim and an inmate at Prince George's County Department of Corrections (Inmate No. 230799), and was at all relevant times considered a "person confined to an institution" as the term is defined in 42 U.S.C. § 2000cc *et seq.*

12.      Plaintiff Kevin Stewart is an individual, a male, a Muslim and an inmate at Prince George's County Department of Corrections (Inmate No. A33249), and was at all relevant times considered a "person confined to an institution" as the term is defined in 42 U.S.C. § 2000cc *et seq.*

13.      Plaintiff Darnell Munden is an individual, a male, a Muslim and an inmate at Prince George's County Department of Corrections (Inmate No. 217483), and was at all relevant times considered a "person confined to an institution" as the term is defined in 42 U.S.C. § 2000cc *et seq.*

14.      Plaintiff Duran Carrington is an individual, a male, a Muslim and an inmate at Prince George's County Department of Corrections (Inmate No. 0160120), and was at all relevant times considered a "person confined to an institution" as the term is defined in 42 U.S.C. § 2000cc *et seq.*

15.     Plaintiff Michael Harris is an individual, a male, a Muslim and an inmate at Prince George's County Department of Corrections (Inmate No. 010335), and was at all relevant times considered a "person confined to an institution" as the term is defined in 42 U.S.C. § 2000cc *et seq*.

## Defendants

16.     Defendant Prince George's County of Department of Corrections ("PGC") confines sentenced persons in its facilities as well as those awaiting trial.  PGC promulgates policies, customs, and practices regarding the religious exercise of its inmates.

### Defendants Sued in Official Capacity, Only

17.     Defendant Mary Lou McDonough is Director of PGC.  Defendant McDonough is the ultimate decision-maker with authority to approve all Prince George's County Department of Corrections policies, including its Religious Services Policy.  Defendant McDonough is being sued in her official capacity, only.

18.     Defendant Colonel Mark E. Person is the Bureau of Operations Deputy Director of PGC.  Defendant Person is a decision-maker with authority to approve all PGC policies concerning its operations, including religious services inmates are permitted to participate in.  Defendant Person is being sued in his official capacity, only.

19.     Defendant Corren Labbé is the Bureau of Administrations Deputy Director of PGC.  Defendant Labbé is a decision-maker with authority to approve all PGC policies concerning its administration, including religious services inmates are permitted to participate in.  Defendant Labbé is being sued in her official capacity, only.

### Defendants Sued in Both Official and Individual Capacities

20.     Defendant Unidentified Chaplain is the Chaplain at PGC who had and continues to have supervisory authority and control over the approval and coordination of religious services requests by inmates during the time of each of the Plaintiffs' confinement.  Defendant Unidentified

Chaplain personally engaged in discriminatory behavior against each of the Plaintiffs.  Defendant Unidentified Chaplain is being sued in both his official and individual capacities.

## Nature of this Action

21.    This is an action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and 42 U.S.C. § 1983.  Plaintiffs seek costs and attorneys' fees under 42 U.S.C. § 1988.

22.    PGC is an "institution" within the meaning of 42 U.S.C. § 2000cc-1(a) and 42 U.S.C. § 1997.

23.    Defendants have not identified any compelling government interest for denying Plaintiffs' requests to participate in Friday religious services.[1]

24.    Nor have Defendants identified any compelling government interest for denying Plaintiffs' requests to perform their daily obligatory prayers as a congregation.[2]

25.    Nor have Defendants narrowly tailored their customs, practices, and policies regarding Plaintiffs' religious exercise requests to any purported government interest.

26.    Defendants have failed to enforce the applicable laws, policies, directives, ordinances, and regulations in the least restrictive means possible.

27.    Defendants have unlawfully imposed a separate religious services policy for Muslims that substantially burdens the rights of Plaintiffs, and Muslim inmates similarly situated, to the free exercise of religion by means that are not the least restrictive means available to the correctional facility to protect their asserted governmental interest.

---

[1] Muslims are required to conduct and participate in religious services every Friday, usually after noon, which consists of a religious sermon followed by a congregational prayer.

[2] Muslims are required to perform obligatory prayers five times a day during specified time frames throughout the day.  The vast majority of Muslims, in addition to these Plaintiffs, believe that the five daily prayers are required to be performed as a congregation.

28.     Defendants have allowed inmates who are not Muslim to practice their faith in a manner similar to the manner in which Plaintiffs desire to practice their faith.

29.     Defendants have imposed regulations that unreasonably limit religious exercise, discriminated against Plaintiffs (and Muslims similarly situated) on the basis of religious denomination, and treated Plaintiffs (and Muslims similarly situated) on less than equal terms with other religious and non-religious similarly-situated persons.

30.     All of the Plaintiffs have a sincerely-held belief that they are required, in accordance with their Islamic faith, to conduct and participate in Friday religious services every Friday and to perform their five obligatory daily prayers as a congregation.

**Denial of Muslims from
Participating in Friday Religious Services and Daily Congregational Prayers
("Muslim Religious Services Policy")**

31.     Section 802 of PGC's Inmate Handbook, entitled "Religious Services," states in pertinent part:

> Religious services, study and counseling (including crisis intervention) are conducted and coordinated by the Center's Chaplain and approved volunteers.   The Chaplain is a full-time non-denominational chaplain available to assist you with your religious needs.   Services are offered daily and/or weekly depending on your housing unit…   If you are interested in any religious services or counseling assistance, you must submit an Inmate Request for Information form to the Chaplain's office…. ("PGC Religious Services Policy").

32.     Upon information and belief, Defendants have not permitted Muslims to perform Friday religious services or daily congregational prayers, in violation of their own written policy. (The PGC policy as applied to Muslim inmates and these Plaintiffs will hereinafter be referred to as the "Muslim Religious Services Policy.")

33.     In the event that Muslim inmates perform a Friday religious service or daily congregational prayer that consists of more than two people at a time, Muslim inmates are given a ticket, locked down in their cells for 24-72 hours, and/or held in solitary confinement.

34.     In fact, at least one of the Plaintiffs, Plaintiff David Francis, was given a ticket and locked down in his cell for performing a congregational prayer.

35.     The remaining Plaintiffs were each threatened with a ticket, being locked down in their cell and/or being held in solitary confinement after attempting to perform Friday religious services or daily congregational prayers.

36.     Upon information and belief, Defendants permit Christian inmates to perform religious services given by a preacher in a group of approximately 25-30 on Sunday, Monday and Tuesday of each week.  The Christian religious group is formally registered as "Good News."

37.     Additionally, upon information and belief, Christian inmates are permitted to attend classes every day as a group of approximately 25-30 for approximately an hour.

38.     Upon information and belief, neither Christian inmates nor inmates that subscribe to any other faith background, besides Islam, have been given a ticket, locked down in their cell or held in solitary confinement for performing a congregational prayer or religious service.

39.     Upon information and belief, nonreligious groups are also permitted to congregate and regularly meet in groups of approximately 25-30 per meeting.

40.     For example, inmates regularly attend gatherings for nonreligious purposes, including education, drug counseling, among others.

41.     In fact, PGC has a multipurpose recreational room that is designated for such religious congregational and non-religious gatherings.

42.     In order to ensure they are meeting their religious obligations, Plaintiffs have each requested to perform Friday religious services and daily congregational prayers in accordance with the PGC Religious Services Policy articulated above.

43.     However, because PGC has refused to provide Plaintiffs with the appropriate form to request a religious accommodation, they have written multiple requests and grievances on other forms available to them or blank sheets of paper.

44.     Each time, Defendants would take the requests and/or complaints, and refuse to process them or return them.

45.     Additionally, these Plaintiffs, along with several other Muslim inmates at the facility, signed and gave a petition to Defendant Unidentified Chaplain requesting to perform Friday religious services and daily congregational prayers.

46.     Each of Plaintiffs' requests were denied without explanation.

47.     By denying Plaintiffs' requests, along with requests by similarly situated Muslim inmates, Defendants have unlawfully forced Plaintiffs to sacrifice their obligations in accordance with their sincerely-held beliefs.

48.     The Muslim Religious Services Policy imposes a substantial burden upon the rights of Plaintiffs, and other Muslim inmates similarly situated, to the free exercise of religion, and discriminates, and continues to discriminate, against Plaintiffs on the basis of religion or religious denomination in violation of, among other laws, RLUIPA. 42 U.S.C. § 2000cc(b)(2).

49.     Defendants are capable of permitting Plaintiffs to perform Friday religious services and daily congregational prayers because they permit other inmates at its facilities to perform regular congregational prayers.  Moreover, Defendants have designated a multipurpose recreational room for such congregational gatherings.

50.     The Muslim Religious Services Policy subjects Plaintiffs and other Muslim inmates similarly situated to disparate treatment by denying them the right to perform Friday religious services and daily congregational prayers.

51.     The substantial burden that the Muslim Religious Services Policy imposes on these inmates is not necessary, or the least restrictive means, to achieve any compelling state interest.

52.     Plaintiffs have exhausted their administrative remedies.

**Count I**
**Violation of Religious Land Use and Institutionalized Persons Act**
**(Religious Exercise)**

53.     Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

54.     Defendants' Muslim Religious Services Policy, whereby Defendants do not permit Plaintiffs and other similarly situated Muslims to perform Friday religious services or daily congregational prayers, chills Plaintiffs' right to free exercise of religion.

55.     Defendants have deprived and continue to deprive Plaintiffs of their right to the free exercise of religion as secured by the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc(a) et seq., by both imposing and implementing an unconstitutional and discriminatory Muslim Religious Services Policy that substantially burdens Plaintiffs' religious exercise.

56.     Defendants' Muslim Religious Services Policy, in addition to the above-mentioned unlawful actions, caused and continues to cause Plaintiffs harm because it forces them to sacrifice their core sincerely-held religious beliefs.

57.     Defendants have arbitrarily and unjustly established a Muslim Religious Services Policy that prohibits Plaintiffs and other similarly situated Muslims from performing Friday religious services and daily congregational prayers.

58.     Defendants have not established a religious services policy that prohibits inmates of other faiths from participating in or conducting religious congregational prayers and services.

59.     The restrictions imposed on Plaintiffs and other Muslim inmates have substantially burdened their religious exercise on a daily basis.

60.     By imposing and implementing the above-described Muslim Religious Services Policy, Defendants have imposed a substantial burden on Plaintiffs' exercise of Islam at PGC.

61.     Imposition of such a burden is not in furtherance of a compelling government interest and is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

62.     Plaintiffs are entitled to a declaration that the Muslim Religious Services Policy is a substantial burden to the free exercise of Plaintiffs' religion, is not justified by a compelling government interest, and is in violation of RLUIPA.

63.     Plaintiffs are entitled to issuance of a preliminary and permanent injunction in the form requested in the Prayer for Relief below.

64.     Defendants' unlawful actions caused Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, as well as compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below.  Further, Plaintiffs request all such other relief this Court deems just and proper including costs and attorneys' fees incurred in this action.

### Count II
### Violation of Religious Land Use and Institutionalized Persons Act
### (Discrimination on the Basis of Religion)

65.     Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

66.     The Muslim Religious Services Policy and denial of halal food diet treats these inmates on less than equal terms with inmates of other faiths at PGC.

67.     Defendants' Muslim Religious Services Policy, in addition to the above-mentioned unlawful actions caused and continues to cause Plaintiffs harm because it forces them to sacrifice their core sincerely-held religious beliefs.

68.     Defendants have deprived and continue to deprive Plaintiffs of their right to be free from religious discrimination as secured by the Religious Land Use and Institutionalized Persons Act

of 2000, 42 U.S.C. § 2000cc(a) et seq., by imposing and implementing a Muslim Religious Services Policy that discriminates against them on the basis of religion.

69.     Defendants have imposed onerous restrictions on Plaintiffs that have not been imposed on inmates of other faiths at PGC.

70.     Defendants have arbitrarily and unjustly established a Muslim Religious Services Policy prohibiting these Plaintiffs and other Muslim inmates similarly situated from performing Friday religious services and daily congregational prayers.

71.     Defendants have not established a policy prohibiting inmates of other faiths from performing Friday religious services and daily congregational prayers.

72.     The restrictions imposed on Plaintiffs and other Muslim inmates have substantially burdened their religious exercise on a daily basis.

73.     Plaintiffs are entitled to a declaration that the Muslim Religious Services Policy constitutes discrimination on the basis of Plaintiffs' religion, is not justified by a compelling government interest, and is in violation of RLUIPA.

74.     Plaintiffs are entitled to issuance of a preliminary and permanent injunction in the form requested in the Prayer for Relief below.

75.     Defendants' unlawful actions caused Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below.  Further, Plaintiffs request all such other relief this Court deems just and proper including costs and attorneys' fees incurred in this action.

**Count III**
**Violation of First and Fourteenth Amendment to the United States Constitution**
**(Free Exercise of Religion)**

76.     Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

77.     Defendants' Muslim Religious Services Policy, in addition to the above-mentioned unlawful actions caused and continues to cause Plaintiffs harm because it forces them sacrifice their core sincerely-held religious beliefs.

78.     Defendants' Muslim Religious Services Policy, whereby Defendants do not permit Plaintiffs and other similarly situated Muslims to perform Friday religious services or daily congregational prayers, chills Plaintiffs' right to free exercise of religion.

79.     Defendants have deprived and continue to deprive Plaintiffs of their right to the free exercise of religion as secured by the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment to the United States Constitution, by both imposing and implementing an unconstitutional and discriminatory Muslim Religious Services Policy that substantially burdens Plaintiffs' religious exercise.

80.     Defendants' Muslim Religious Services Policy, in addition to the above-mentioned unlawful actions, caused and continues to cause Plaintiffs harm because it forces them to sacrifice their core sincerely-held religious beliefs.

81.     Defendants have arbitrarily and unjustly established a Muslim Religious Services Policy that prohibits Plaintiffs and other similarly situated Muslims from performing Friday religious services and daily congregational prayers.

82.     Defendants have not established a religious services policy that prohibits inmates of other faiths from participating in or conducting religious congregational prayers and services.

83.     The restrictions imposed on Plaintiffs and other Muslim inmates have substantially burdened their religious exercise on a daily basis.

84.     The restrictions imposed on Plaintiffs and other Muslim inmates have substantially burdened their religious exercise.

85.     By imposing and implementing the above-described Muslim Religious Services Policy, Defendants have imposed a substantial burden on Plaintiffs' exercise of Islam at PGC.

86.     Imposition of such a burden is not in furtherance of a compelling government interest and is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

87.     Plaintiffs are entitled to a declaration that the Muslim Religious Services Policy is a substantial burden to the free exercise of Plaintiffs' religion, is not justified by a compelling government interest, and is in violation of Plaintiffs' First and Fourteenth Amendment rights to their free exercise of religion.

88.     Plaintiffs are entitled to issuance of a preliminary and permanent injunction in the form requested in the Prayer for Relief below.

89.     Defendants' unlawful actions caused Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below.  Further, Plaintiffs request all such other relief this Court deems just and proper including costs and attorneys' fees incurred in this action.

## Count IV
## Violation of Fourteenth Amendment to the United States Constitution
### (Equal Protection)

90.     Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

91.     Defendants' Muslim Religious Services Policy, whereby Defendants do not permit Plaintiffs and other similarly situated Muslims to perform Friday religious services or daily

congregational prayers, treats these inmates less favorably than other religious and non-religious inmates at PGC.

92.     Defendants' Muslim Religious Services Policy, in addition to the above-mentioned unlawful actions caused and continues to cause Plaintiffs harm because it forces them to sacrifice their core sincerely-held religious beliefs.

93.     Defendants have deprived and continue to deprive Plaintiffs of their right to equal protection of the laws as secured by the Fourteenth Amendment to the United States Constitution, by imposing and implementing a Muslim Religious Services Policy that discriminates against them on the basis of religion.

94.     Defendants have imposed onerous restrictions on Plaintiffs that have not been imposed on inmates of other faiths at PGC.

95.     Defendants have arbitrarily and unjustly established a Muslim Religious Services Policy prohibiting these Plaintiffs and other Muslim inmates similarly situated from performing Friday religious services and daily congregational prayers.

96.     Defendants have not established a policy prohibiting inmates of other faiths from performing Friday religious services and daily congregational prayers.

97.     The restrictions imposed on Plaintiffs are unconstitutional and have substantially burdened their religious exercise on a daily basis.

98.     By imposing and implementing the above-described Muslim Religious Services Policy, Defendants have imposed a substantial burden on Plaintiffs' exercise of Islam within the correctional facilities.

99.     Imposition of such a burden is not in furtherance of a compelling government interest and is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

100.     Plaintiffs are entitled to a declaration that the Muslim Religious Services Policy is a substantial burden to the free exercise of Plaintiffs' religion, is not justified by a compelling government interest, and is in violation of Plaintiffs' Fourteenth Amendment right to equal protection of the laws.

101.     Plaintiffs are entitled to issuance of a preliminary and permanent injunction in the form requested in the Prayer for Relief below.

102.     Defendants' unlawful actions caused Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below.  Further, Plaintiffs request all such other relief this Court deems just and proper including costs and attorneys' fees incurred in this action.

## Count V
## Violation of Fifth and Fourteenth Amendment to the United States Constitution
### (Establishment Clause)

103.     Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

104.     Defendants' Muslim Religious Services Policy, whereby Defendants do not permit Plaintiffs and other similarly situated Muslims to perform Friday religious services or daily congregational prayers, treats these inmates on less than equal terms with other religious and non-religious inmates at PGC, thereby creating a denominational preference against Islam as a religion.

105.     Defendants' Muslim Religious Services Policy, in addition to the above-mentioned unlawful actions caused and continues to cause Plaintiffs harm because it forces them to sacrifice their core sincerely-held religious beliefs.

106.     Defendants have deprived and continue to deprive Plaintiffs of their right to be free from religious discrimination in violation of the Establishment Clause to the First Amendment to the

United States Constitution, by imposing and implementing a Muslim Religious Services Policy that discriminates against them on the basis of religion.

107.    Defendants have imposed onerous restrictions on Plaintiffs that have not been imposed on inmates of other faiths at PGC.

108.    Defendants have arbitrarily and unjustly established a Muslim Religious Services Policy prohibiting these Plaintiffs and other Muslim inmates similarly situated from performing Friday religious services and daily congregational prayers.

109.    Defendants have not established a policy prohibiting inmates of other faiths from performing Friday religious services and daily congregational prayers.

110.    The restrictions imposed on Plaintiffs are unconstitutional and have substantially burdened their religious exercise on a daily basis.

111.    By imposing and implementing the above-described Muslim Religious Services Policy, Defendants have imposed a substantial burden on Plaintiffs' exercise of Islam within the correctional facilities.

112.    Imposition of such a burden is not in furtherance of a compelling government interest and is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

113.    Plaintiffs are entitled to a declaration that the Muslim Religious Services Policy is a substantial burden to the free exercise of Plaintiffs' religion, is not justified by a compelling government interest, and is in violation of Plaintiffs' Fourteenth Amendment right to equal protection of the laws.

114.    Plaintiffs are entitled to issuance of a preliminary and permanent injunction in the form requested in the Prayer for Relief below.

115.    Defendants' unlawful actions caused Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below.  Further, Plaintiffs request all such other relief this Court deems just and proper including costs and attorneys' fees incurred in this action.

## Count VI
### Violation of 42 U.S.C. §1983
### (Equal Protection)

116.    Plaintiffs hereby reallege and incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

117.    Defendants' Muslim Religious Services Policy, whereby Defendants do not permit Plaintiffs and other similarly situated Muslims to perform Friday religious services or daily congregational prayers, treats these inmates on less than equal terms with other religious and non-religious inmates at PGC, thereby creating a denominational preference against Islam as a religion.

118.    Defendants' Muslim Religious Services Policy, in addition to the above-mentioned unlawful actions caused and continues to cause Plaintiffs harm because it forces them to sacrifice their core sincerely-held religious beliefs.

119.    Defendants have deprived and continue to deprive Plaintiffs of their right to be free from discrimination in violation of 42 U.S.C. §1983, by imposing and implementing a Muslim Religious Services Policy that discriminates against them on the basis of religion.

120.    Defendants have imposed onerous restrictions on Plaintiffs that have not been imposed on inmates of other faiths at PGC.

121.    Defendants have arbitrarily and unjustly established a Muslim Religious Services Policy prohibiting these Plaintiffs and other Muslim inmates similarly situated from performing Friday religious services and daily congregational prayers.

122.    Defendants have not established a policy prohibiting inmates of other faiths from performing Friday religious services and daily congregational prayers.

123.    The restrictions imposed on Plaintiffs are unconstitutional and have substantially burdened their religious exercise on a daily basis.

124.    By imposing and implementing the above-described Muslim Religious Services Policy, Defendants have imposed a substantial burden on Plaintiffs' exercise of Islam within the correctional facilities.

125.    Imposition of such a burden is not in furtherance of a compelling government interest and is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

126.    Plaintiffs are entitled to a declaration that the Muslim Religious Services Policy is a substantial burden to the free exercise of Plaintiffs' religion, is not justified by a compelling government interest, and is in violation of Plaintiffs' Fourteenth Amendment right to equal protection of the laws.

127.    Plaintiffs are entitled to issuance of a preliminary and permanent injunction in the form requested in the Prayer for Relief below.

128.    Defendants' unlawful actions caused Plaintiffs harm and Plaintiffs are entitled to injunctive and declaratory relief, compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

WHEREFORE, Plaintiffs request this Honorable Court grant declaratory relief and injunctive relief in the form requested in the Prayer for Relief below.  Further, Plaintiffs request all such other relief this Court deems just and proper including costs and attorneys' fees incurred in this action.

**Prayer for Relief**

WHEREFORE, Plaintiffs request that this Honorable Court enter judgment in their favor and against Defendants on each and every count in this complaint, and enter an Order awarding the following relief:

1.      A declaratory judgment that:

     a.      Defendants' policies, practices, and customs violate the First and Fourteenth Amendments to the Constitution of the United States, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and 42 U.S.C. § 1983;

     b.      Defendants' actions in preventing these Plaintiffs and other similarly situated Muslim inmates from performing Friday religious services and daily congregational prayers, constitutes a violation of the First Amendment to the United States Constitution and creates a chilling effect on Plaintiffs' free exercise of religion;

     c.      Defendants' denial of Plaintiffs' request to perform Friday religious services and daily congregational prayers is a substantial burden to the free exercise of Plaintiffs' religion and is not justified by a compelling government interest;

     d.      The Muslim Religious Services Policy treats these Plaintiffs and similarly situated Muslim inmates on less than equal terms with other religious and non-religious inmates in PGC; and,

     e.      Defendants' unique application of the Muslim Religious Services Policy to Plaintiffs, and other Muslim inmates similarly situated, treats these Plaintiffs and Muslim inmates similarly situated on less than equal terms than inmates of other faiths, thereby creating a denominational preference against Islam as a religion.

2.      An injunction:

    a.      Enjoining Defendants from denying Plaintiffs, and other Muslim inmates similarly-situated, from performing Friday religious services and daily congregational prayers, because Defendants' denial of Muslims from performing Friday religious services and daily congregational prayers caused and continues to cause Plaintiffs harm as it forces them to sacrifice their core sincerely-held religious beliefs; and,

    b.      Requiring Defendants to remedy the constitutional and statutory violations identified above, including, but not limited to, eliminating any existing policy whereby Plaintiffs, and other Muslim inmates similarly-situated, are denied from performing Friday religious services and daily congregational prayers.

3.      An award of compensatory and punitive damages against the individual capacity defendants pursuant to 42 U.S.C. § 1983.

4.      An award of attorneys' fees, costs, and expenses of all litigation, pursuant to 42 U.S.C. § 1988; and,

5.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

NOW COME Plaintiffs, by and through their undersigned counsel, and hereby demand trial by jury of the above-referenced causes of action.

Respectfully submitted,

CAIR NATIONAL LEGAL DEFENSE
FUND (CAIR)

BY:        /s/ Lena Masri
LENA F. MASRI (20251) ‡
GADEIR I. ABBAS (20257) ‡ *
AHMED MOHAMED (NY: 938392) ☙
Attorneys for Plaintiffs
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 488-8787

‡ *Admitted to practice in this Court*
☙ *Application for admission to
practice in this Court are forthcoming*
* *Licensed in VA, not in D.C.  Practice
limited to federal matters*

Dated:  January 18, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2017, I electronically filed the foregoing document with the Clerk of the Court for the District of Maryland using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Lena Masri*_____