IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNETH SNOWDEN**, *et al.* | * |
| Plaintiffs | * |
| v. | * **Case No: PJM 18-cv-160** |
| **PRINCE GEORGE'S COUNTY DEPARTMENT OF CORRECTIONS**, *et al.* | * |
| Defendants | * |

**DEFENDANTS' OPPOSITON TO REQUEST FOR ENTRY OF DEFAULT AND MOTION TO FILE ANSWER AND/OR MOTION TO DISMISS**

Defendants Prince George's County Department of Corrections, Mary Lou McDonough, Colonel Mark Person, Corre Labbe and James Penn, by and through undersigned counsel and the Prince George's County Office of Law, move in opposition to Plaintiffs' Request for Entry of Default and request permission to late file an Answer and/or Motion to Dismiss and in support advance the following argument.

### I. FACTUAL BACKGROUND

The above captioned suit asserts various claims arising from Defendants' religious service policy. Specifically, Plaintiffs claim that Defendants prohibit Muslim inmates from performing Friday religious services and daily congregational prayers. Plaintiffs allege that when Muslim inmates engage in Friday religious services, Department of Correction employees issue them tickets and lock them in their cells.

The Amended Complaint asserts claims against the Defendants for violation of Religious Land Use and Institutionalized Persons Act (Count I), violation of Religious Land Use and Institutionalized

Persons Act – Discrimination on the Basis of Religion (Count II), violation of First and Fourteenth Amendment (Count III), violation of Fourteenth Amendment (Count IV), violation of Fifth and Fourteenth Amendment (Count V), and violation of 42 U.S. C. §1983 (Count VI).

Defendants now move in opposition to Plaintiffs' request for entry of default and request the Court's permission to late file their Answer and/or Motion to Dismiss.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(c) permits the Court to set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party for a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

### III. ARGUMENT

**Defendants' failure to timely file their Answer and/or Motion to Dismiss/Summary Judgment was due to excusable neglect.**

The confusion created by the service of the Summons and Amended Complaint upon the Defendants constitutes excusable neglect and must result in the denial of default judgment. Moreover, the Plaintiffs have not suffered any prejudice from the delay in responding to the Amended Complaint. Finally, Defendants have meritorious defenses to he claims asserted.

In *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413 (4th Cir. 2010), the Fourth Circuit held that it was an abuse of discretion for the trial court in denying the motion to vacate the default judgment. The court found that the resident agent failed to forward the Amended Complaint to counsel for Hoover Universal and thus, an answer was not timely filed. *Id.* at 415. The Court concluded that good cause existed, Hoover Universal asserted meritorious defenses, and Colleton suffered no prejudice. *Id.* at 419. In reaching its determination the Court acknowledge the "[its] time-worn commitment to the resolution of disputes on their merits," *Id.* Therefore, the Court concluded that "in sum, we adhere to our long-held view that Rule 55(c) motions must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments. *Id. Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)." *Lolatchy*, 816 F.2d at 954 (internal quotation omitted).

Applied to the present case, this court should deny the request for entry of default and permit the Defendants to late file an Answer and/or Motion to Dismiss/ Summary Judgment. On or about January 27, 2018, the Summons and Amended Complaint for Correne Labbe, Mark Person, and Reverend James Penn were delivered by certified mail to an individual at the Prince George's County Department of Corrections located 13400 Dille Drive, Upper Marlboro, Maryland 20772. There is no indication who accepted service for the Summons and Amended Complaint as the return receipt is blank. (Ex. 1,

Certified mail return receipts for Labbe, Person and Penn). On or about February 2, 2018, the Summons and Amended Complaint for Mary Lou McDonough was delivered by certified mail to an individual at the Prince George's County Department of Corrections located 13400 Dille Drive, Upper Marlboro, Maryland 20772. There is no indication who accepted service for the Summons and Amended Complaint as the return receipt is blank. (Ex. 2, Certified mail return receipt for Mary Lou McDonough). There was some delay in forwarding the Summons and Amended Complaints to counsel due to the on and off again move of the County Attorney's Office[1]. On March 21, 2018, Plaintiffs filed Summons Returns. (ECF 15.)

Upon receipt of the Summons and Amended Complaints, undersigned counsel reviewed the docket entries for the above captioned case and discovered the filed summons returns. On that same day, undersigned counsel contacted Plaintiffs' counsel's office and left a message to contact her regarding the federal lawsuit and insufficient service upon the Defendants. On April 3, 2018, Plaintiffs' counsel returned the undersigned call and was informed that Defendants believed that service was insufficient. Plaintiffs' counsel stated that service would be confirmed with the process server and he would get back to undersigned regarding this issue. On April 4, 2018, undersigned counsel again checked the docket entries in the above-captioned case and discovered that Plaintiffs' counsel filed a Request for Entry of Default. (ECF 18.) Subsequently, undersigned counsel received an email from Plaintiffs' counsel stating that it was Plaintiffs' position that service was proper and a Request for Entry of Default would be filed. (Ex. 3, Email dated April 4, 2018 from Gadeir Abbas.)

Defendants acted in good faith in contacting opposing counsel and alerted him of the possible insufficient service after Summons returns were filed with the Court. In addition, the un-signed certified

---

[1] The County departments and agencies located at the County Administration Building are in the process of moving to a new

mail return receipts indicate deficient service constitute good cause why an Answer was not filed within the time prescribed by the Summons. Despite the service issue that Defendants do not waive, Defendants, like the Court, prefer to resolve disputes on the merits rather than on technicalities. Defendants have valid and dispositive defenses that may resolve all of the claims asserted or narrow the issues and parties. Claims against Defendant Prince George's County Department of Corrections must be dismissed with prejudice as it is not a proper party. See PRINCE GEORGE'S COUNTY, MD. CHARTER §§ 101 & 103 (2014); See also *Hines v. French*, 157 Md. App. 536, 573 (2004) (affirming dismissal of claims against the Baltimore County Police Department on ground that a county police department could not be viewed as a separate legal entity). Claims against James Penn in his individual capacity are precluded by the RLUIPA. See 42 U.S.C. 2000cc. Furthermore, claims for compensatory and punitive damages are precluded by statute. See *Kushner v. Keller*, 2012 U.S. Dist. LEXIS 132292, *8-9 (E.D.N.C. 2012) (quoting *Sossamon v. Texas*, ___ U.S. ___, 131 S.Ct. 1651, 1663, 179 L. Ed. 2d 700 (2011) (finding RLUIPA does not authorize a private cause of action for money damages against prison personnel for action taken in their official capacity); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *DePaola v. Wade*, No. 7:11-cv-00198, 2012 U.S. Dist. LEXIS 44340, 2012 WL 1077678, at *3 (W.D. Va. Mar. 30, 2012). To that end, Defendants respectfully request that this Court deny Plaintiffs' Request for Entry of Default and extend the time for filing an Answer and/or Motion for Summary Judgment. Plaintiffs will suffer no prejudice from the grant of the extension of time.

### IV. CONCLUSION

Defendants respectfully request that this Court deny Plaintiff's request for entry of default and grant Defendants permission to late file an Answer and/or Motion to Dismiss

---

location in Largo, Maryland. The Office of Law was previously scheduled to move in March, but the move has been


Respectfully submitted,

**JARED M. MCCARTHY
COUNTY ATTORNEY**

**ANDREW J. MURRAY
DEPUTY COUNTY ATTORNEY**

Shelley L. Johnson, Fed. ID 15853
Associate County Attorney
Prince George's County Government
Office of Law - Room 5121
14741 Governor Oden Bowie Drive
Upper Marlboro, Maryland 20772
(301) 952-5225 main
(301) 952-3071 facsimile
*Counsel for Defendants*

FILED: 04/05/18

delayed.

**First Return Receipt:**

1. Article Addressed to: Colonel Mark E. Person
   Deputy Director, Bureau of Operations
   13400 Dille Drive
   Upper Marlboro, MD 20772

3. Service Type: ☒ Certified Mail
4. Restricted Delivery? (Extra Fee): ☒ Yes

2. Article Number: 7017 0190 0000 2552 8733

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M

**Second Return Receipt:**

1. Article Addressed to: Correne Labbe
   Deputy Director, Bureau of Administration
   Prince George's County Department of Corrections
   13400 Dille Drive
   Upper Marlboro, MD 20772

3. Service Type: ☒ Certified Mail
4. Restricted Delivery? (Extra Fee): ☒ Yes

2. Article Number: 7017 0190 0000 2552 8702

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

EXHIBIT 1

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Mary Lou McDonough
Director, Prince Georges
County Department of
Corrections
13400 Dille Drive
Upper Marlboro MD 20772

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered     ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☑ Yes

2. Article Number (Transfer from service label): 7017 0190 0000 2552 8719

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-

EXHIBIT 2

## Johnson, Shelley L.

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Wednesday, April 04, 2018 2:05 PM
**To:** Johnson, Shelley L.; Lena F. Masri, Esq.
**Cc:** Ahmed Mohamed; Carolyn Homer
**Subject:** Re: Snowden v. Prince George's County Department of Corrections, 18 cv 160

Counsel,

Thanks for reaching out by email and briefly chatting earlier this week. We welcome the opportunity to explore a mutually agreeable settlement of this case, and look forward to working with you to see if we can get these case resolved between the parties without the court's intervention.

When we spoke earlier this week, I asked you about your concerns with service because we were surprised to hear that the defendants had objections regarding how service was accomplished. After reviewing again our service, we're confident that it complied with federal and local rules as well as Maryland state law.

Because service was accomplished months ago now and defendants have not yet responded, we were in the process of finalizing papers regarding entry of a default judgment against the defendants when we received your email. We continue to believe that the defendants are in default and will file papers to that end.

Regardless, we believe that settling this case is in the best interests of everyone. We'll agree to any reasonable extension of time you may want regarding our forthcoming default motion or any other deadline you may have regarding some other response to the lawsuit. That way, we can all focus our energies towards finding a workable settlement.

We are free to talk at 4 pm est today if you'd like to discuss.

Regards,

Gadeir Abbas, Esq.
**Senior Litigation Attorney**



453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.742.6420 Fax: 202.488.0833
Dir: 202.640.4935 Cell: 720.251.0425
www.cair.com

EXHIBIT 3

*licensed in VA: not in DC - practice limited to federal matters*

---

**From:** Johnson, Shelley L. <sljohnson@co.pg.md.us>
**Sent:** Monday, April 2, 2018 3:25 PM
**To:** Gadeir Abbas; Lena F. Masri, Esq.
**Subject:** Snowden v. Prince George's County Department of Corrections, 18 cv 160

Dear Counsel,

I'm the Associate County Attorney assigned to the above referenced case. There is an issue of service upon the Defendants that needs to be addressed. There is also an issue of standing, failure to exhaust administrative remedies, and failure to name a proper party. However, I believe we may be able to come to a resolution of this matter without a lot of time and money.

To resolve the issue and foreclose any possible need for further litigation, I propose we discuss how the Prince George's County Department of Corrections may accommodate your clients' religious requests while maintaining the safety and control of inmates.

Tomorrow April 3, 2018, I will be in an ADR following by deposition. I'm available the rest of the week from 9 to 5.

I look forward to speaking to you regarding this matter.

Shelley L. Johnson
Associate County Attorney
Prince George's County Office of Law
14741 Gov. Oden Bowie Drive, Room 5121
Upper Marlboro, Maryland 20772
(301) 952-3932

---

This E-mail and any of its attachments may contain Prince George's County Government or Prince George's County 7th Judicial Circuit Court proprietary information or Protected Health Information, which is privileged and confidential. This E-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution, copying, or action taken in relation to the contents of and attachments to this E-mail is strictly prohibited by federal law and may expose you to civil and/or criminal penalties. If you have received this E-mail in error, please notify the sender immediately and permanently delete the original and any copy of this E-mail and any printout.