UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

**KENNETH SNOWDEN**, *et al.*;

    Plaintiffs,

v.

**PRINCE GEORGE'S COUNTY
DEPARTMENT OF CORRECTIONS**,
a municipal agency, *et al.*;

    Defendants.

Case No. 8:18-CV-00160-JPM
Hon. Peter J. Messitte

_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, by and through their undersigned counsel, hereby submit the following Response to Defendants' Motion to Dismiss. The defendants make a single technical argument regarding the verbiage used to identify the government entity being sued in addition to what amounts to request for clarification regarding the claims for which certain forms of relief are sought. They make these arguments within an untimely motion filed more than a month past its deadline. Because of its untimeliness as well as the reasons articulated below, this Court should deny Defendants' motion.

**ARGUMENT**

On April 5, 2018, Defendants filed a Motion to Dismiss (Dkt. 21) Plaintiffs' Amended Complaint (Dkt. 12). Defendants raise two principal arguments in their motion to dismiss, related to the legal identities and capacities of the Defendants. Plaintiffs address these below by first, agreeing to substitute "Prince George's County, Maryland" as the formal legal entity,

and second, clarifying that the individual capacity damages claim against Defendant Reverend James E. Penn applies only to Counts III – VI.

First, Defendants state that "Prince George's County Department of Corrections" is not an independent legal entity, but rather a subdivision of "Prince George's County, Maryland." *See* Dkt. 21-1 at 3-4.  Relatedly, Defendants state that all official-capacity claims against the individual Defendants, Prince George's Department of Corrections employees Mary Lou McDonough, Colonel Mark E. Person, Correne Labbé, and Reverend James E. Penn, must be amended to constitute official-capacity claims against employees of Prince George's County, Maryland.  *See* Dkt. 21-1 at 4-6.  Accordingly, Plaintiffs consent to the substitution of "Prince George's County, Maryland" as the first-named defendant, and as the identified employer of the individual defendants.  *See, e.g., Abunaw v. Prince George's Corr. Dep't*, No. 13-cv-2746, 2014 U.S. Dist. LEXIS 99903, at *4 (D. Md. July 23, 2014) ("[I]t would elevate needlessly form over substance to dismiss completely a claim because Plaintiff named the specific county entities that allegedly harmed him as opposed to the county itself.").  The fact that Plaintiffs added "Department of Correction" to the Defendants' name did not create any confusion, did not prejudice the defendants in any way, and in fact, provided the defendants with particularized information about which governmental unit's conduct the plaintiffs sought to challenge.

Second, Defendants request that all claims "for compensatory and punitive damages" asserted against official capacity County employees be dismissed.  *See* Dkt. 21-1 at 5.  This request misunderstands Plaintiffs' Complaint. The Complaint seeks injunctive and declaratory relief against all Defendants as to all claims.  *See* Dkt. 12 at 19-20, Prayer for Relief ¶¶ 1-2.  But it only seeks "compensatory and punitive damages" as to the individual

capacity defendant, Reverend James E. Penn, under 42 U.S.C. § 1983. *See* Dkt. 12 at 20, Prayer for Relief ¶ 3. Compensatory and punitive damages claims against county employees in their individual capacities are permitted under 42 U.S.C. § 1983. *See, e.g., Lovelace v. Lee.* 472 F.3d 174, 193-94 (4th Cir. 2006); *Abdul-Mateen v. Phipps*, No. 7:11-CV-00051, 2012 U.S. Dist. LEXIS 23216, at *9 and *18 (W.D. Va. Feb. 22, 2012) (denying motion to dismiss because "the Eleventh Amendment does not bar Plaintiff's claims under the First Amendment for monetary relief against the defendants in their individual capacities"). Plaintiffs' Counts III – VI allege unconstitutional and discriminatory action by an individual-capacity actor in violation of 42 U.S.C. § 1983. Plaintiffs agree that no damages are available under RLUIPA. *See, e.g., Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (finding no RLUIPA claim for damages available against defendants in their individual capacities). Accordingly, Plaintiffs clarify that they only seek damages as against Defendant Reverend Penn, in his individual capacity, under Counts III – VI.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that Defendants' motion to dismiss be denied, and the caption amended to substitute "Prince George's County, Maryland" for "Prince George's County Department of Corrections."

Respectfully submitted,

CAIR NATIONAL LEGAL DEFENSE FUND

BY:  */s/ Lena F. Masri*
LENA F. MASRI (20251) ‡
GADEIR I. ABBAS (20257) ‡ *
Attorneys for Plaintiffs
453 New Jersey Ave, SE

                                                  Washington, DC 20003
                                                  Phone: (202) 488-8787

‡ *Admitted to practice in this Court*
\* *Licensed in VA, not in D.C. Practice limited to federal matters.*

Dated: April 19, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2018, I electronically filed the foregoing document with the Clerk of the Court for the District of Maryland using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

<em>/s/ Gadeir Abbas</em>