UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

**KENNETH SNOWDEN**, *et al.*;

    Plaintiffs,

v.

**PRINCE GEORGE'S COUNTY
DEPARTMENT OF CORRECTIONS**,
a municipal agency, *et al.*;

    Defendants.

Case No. 8:18-CV-00160-JPM
Hon. Peter J. Messitte

_____

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO REQUEST FOR ENTRY OF DEFAULT**

Plaintiffs, by and through their undersigned counsel, hereby submit the following Reply to Defendants' Opposition to Plaintiffs' Request for Entry of Default. In short, the defendants acknowledge service, acknowledge their neglect in filing an answer or responsive pleading, and fail to make an affirmative showing that the neglect was excusable. For the reasons articulated below as well as within Plaintiffs' motion, the plaintiffs respectfully request that this Court grant their motion.

**ARGUMENT**

Defendants contend that their failure to answer or otherwise respond to Plaintiffs' Amended Complaint was the result of "excusable neglect," principally related to some delay in forwarding the Summons and Amended Complain[t] to counsel due to the on and off again move of the County Attorney's Office." Dkt. 20 at 4 n.1. Defendants' answers or other responses were due no later than February 23, 2018. Dkt. 16 (Executed Summons), Dkt. 18 at 8. Defendants now admit, however, that despite actually receiving the papers and

1

reviewing the docket, they took no action to even contact Plaintiffs' counsel until April 3, 2018. Dkt. 20 at 4.

The Fourth Circuit has interpreted "excusable neglect" to encompass "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control." *Symbionics Inc. v. Ortlieb*, 432 Fed. Appx. 216, 219 (4th Cir. 2011). A Defendants' "failure to act with diligence does not constitute excusable neglect." *See, e.g., Xiao Ma v. CaerVision Corp.*, No. 15-cv-1059, 2016 U.S. Dist. LEXIS 71759, at *7 (D. Md. June 2, 2016) (collecting cases and refusing to set aside default judgment on the basis of Defendants' busy schedule).

Defendants' brief opposition to entry of default does not establish excusable neglect. Defendants submit no declaration explaining what factually did happen within their office – and the details provided in their Opposition contain considerable gaps. Although they assert "some delay in forwarding the Summons and Amended Complain[t] to counsel due to the on and off again move of the County Attorney's Office," (Dkt. 20 at 4) Defendants neither substantiate the length of that delay, nor state when counsel actually received the papers. It very well could be that Defendants' counsel received the papers prior to February 23, 2018, but elected to not prioritize a timely response.

Neither are Defendants' assertions regarding deficient service well-grounded. Plaintiffs' executed and filed summons indicate that all Defendants were served by certified mail, and include U.S. Postal Service "certified mail" receipts and tracking numbers. *See* Dkt. 16. Federal Rule of Civil Procedure 4(j) provides that state and local governments may be served "in the manner prescribed by that state's law." *Accord* Fed. R. Civ. P. 4(e)(1) (providing for individual service in accordance with state law). Maryland state law permits

service by certified mail.  *Swarey v. Stephenson*, 222 Md. App. 65, 91-92 (2015); Md. Rule. Civ. P. 2-121.  Nor do Defendants contend that they did not actually receive the service copies – they simply contend there was a "delay" in forwarding them along to county counsel.  *See* Dkt. 20 at 4.

Moreover, Plaintiffs *are* likely to experience prejudice due to Defendants delay in defending this lawsuit.  Plaintiffs' claims include those arising under the First Amendment.  The Fourth Circuit and Supreme Court have recognized that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Int'l Refugee Assistance Project v. Trump*, 883 F.3d 233, 270 (4th Cir. 2018) (citing *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) (plurality opinion)).  Every day Defendants prohibit Plaintiffs from praying together harms Plaintiffs' exercise of their Muslim faith.  Moreover, continuing delay by Defendants could result in Plaintiffs' confinements ending without Defendants' discriminatory policies ever being judicially reviewed.

Nor have Defendants alleged meritorious defenses.  All Defendants point to in opposition is some technicalities regarding service, the legal name of the Prince George's County entity with the capacity to be sued, and some confusion surrounding which of Plaintiffs' damages claims are asserted against which Defendants on which counts.  Dkt. 20 at 5.  As Plaintiffs clarify in their concurrently filed opposition to Defendants' motion to dismiss: (1) Plaintiffs agree to substitute "Prince George's County, Maryland" as the formal legal entity in lieu of "Prince George's County Department of Corrections" and (2) Plaintiffs' individual capacity damages claim against Defendant Reverend James E. Penn does not apply

to RLUIPA but applies only to Amended Complaint Counts III – VI.[1]  Nothing in either of Defendants' filings (Dkt. 20, 21) addresses the *merits* of Plaintiffs' substantive claims – that Defendants have refused to permit Muslim inmates to congregate or pray, even while permitting gathering and worship for Christian inmates.  *See* Amended Complaint, Dkt. 12.  Such religious discrimination squarely violates RLUIPA (Counts I-II), the First and Fourteenth Amendments (Counts III-V), and 42 U.S.C. § 1983 (Count VI).

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court find that Defendants did not engage in excusable neglect, direct the Clerk to Enter Default against the Defendants, and deny Defendants' concurrent motion to extend time to answer or otherwise respond.

> Respectfully submitted,
>
> CAIR NATIONAL LEGAL DEFENSE FUND
>
> BY:     */s/ Lena F. Masri*
> LENA F. MASRI (20251) ‡
> GADEIR I. ABBAS (20257) ‡ *
> Attorneys for Plaintiffs
> 453 New Jersey Ave, SE
> Washington, DC 20003
> Phone: (202) 488-8787
>
> ‡ *Admitted to practice in this Court*
> * *Licensed in VA, not in D.C.  Practice limited to federal matters.*

Dated:  April 19, 2018

---

[1] Plaintiffs' election to oppose Defendants' Motion to Dismiss does not constitute waiver of Plaintiffs' entry of default, or acquiescence regarding whether the Motion to Dismiss was timely filed.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2018, I electronically filed the foregoing document with the Clerk of the Court for the District of Maryland using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Gadeir Abbas*