IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KENNETH SNOWDEN** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. **PJM 18-160** |
| | * | |
| **PRINCE GEORGE'S COUNTY** | * | |
| **DEPARTMENT OF CORRECTIONS** *et al.*, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiffs Kenneth Snowden, David Francis, Kevin Stewart, Darnell Munden, Duran Carrington, and Michael Harris have filed a Motion for Clerk's Entry of Default. ECF No. 18. Defendants oppose the Motion and ask that they be granted leave to file an untimely Motion to Dismiss (ECF No. 20), which they filed simultaneously with their Opposition (ECF No. 21). For the reasons that follow, the Court will **DENY** Plaintiffs' Motion and **GRANT** Defendants' request for leave to file a late Motion to Dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are all Muslim inmates at Prince George's County Department of Corrections. ECF No. 12 ¶¶ 10-15. On January 18, 2018, Plaintiffs filed a Complaint alleging various statutory and constitutional violations of their right to free exercise of religion and religious discrimination. ECF No. 1. Specifically, Plaintiffs allege that Defendants have unlawfully implemented an Islam-specific policy concerning the religious practices of Muslim inmates, and not inmates of other faiths, and have arbitrarily and unjustly prohibited Muslim inmates from performing Friday religious services and daily congregational prayers; whereas, inmates of other faiths are permitted to congregate regularly throughout the day.

1

On January 23, 2018, Plaintiffs filed an Amended Complaint to replace the "Unnamed Chaplain" and name Reverend James Penn as a Defendant in his official and individual capacities. ECF No. 12. On March 21, 2018, Plaintiffs filed proof of service, indicating that all Defendants had been served as of January 27, 2018, by certified mail. ECF No. 16.

After no timely response was filed by Defendants, Plaintiffs filed a Motion for Clerk's Entry of Default on April 4, 2018. ECF No. 18. The next day, on April 5, 2018, Defendants filed an Opposition to the Motion and simultaneously filed a Motion to Dismiss. ECF Nos. 20, 21. Plaintiffs then filed a Reply and an Opposition to the Motion to Dismiss. ECF Nos. 23, 24.

## II.    ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 55(c) permits the Court to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). The Fourth Circuit has repeated a strong preference that, as a general matter, "defaults be avoided and that claims and defenses be disposed of on their merits." *Id.* Delay in and of itself does not constitute prejudice to the opposing party. *Id.* at 418. Just as there is "no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Id.* at 419.

### B. Plaintiffs' Request for Entry of Default

In light of the Fourth Circuit's "long-held view that that Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments,'" *id.* at 421, Plaintiffs' Motion is denied. Defendants' correspondence with Plaintiffs' counsel reflects that they believed there was an issue with service and that they were willing to discuss a possible settlement in the case. ECF No. 20 at 10. Moreover, the certified mail return receipts are not signed and defense counsel represents that there was a delay in receiving the Summons and Amended Complaint. *Id.* at 3-4. According to defense counsel, they alerted Plaintiffs' counsel of this issue and Plaintiffs' counsel informed them that they would look into it and "get back to [them]." *Id.* at 4. However, Plaintiffs' counsel responded the next day that they were filing a request for entry of default. *Id.* Defendant immediately opposed the request for entry of default.

Defendants have since filed a Motion to Dismiss, arguing that Plaintiffs have sued the wrong Defendant and should have sued Prince George's County. ECF No. 21. The Motion also raises issues regarding the damages sought under the Religious Land Use and Institutionalized Persons Act. *Id*. Plaintiffs have indicated that they are willing to substitute Defendants. ECF No. 23 at 2.

Though Defense counsel should have been more diligent in filing a response in this case since they did in fact receive the Summons and Amended Complaint, they have shown good cause to avoid the "onerous consequences of default judgment." *Colleton Preparatory Acad.*, 616 F.3d at 421. Mere delay does not prejudice Plaintiffs.

The case shall proceed on the merits.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Clerk's Entry of Default (ECF No. 18) is **DENIED**. Defendants' Motion for leave to file late a Motion to Dismiss is **GRANTED**. ECF No. 20. The Court will schedule a hearing on the pending Motion to Dismiss. ECF No. 21.

A separate Order will **ISSUE**.

/s/_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**April 23, 2018**