IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KENNETH SNOWDEN** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. **PJM 18-160** |
| | * | |
| **PRINCE GEORGE'S COUNTY** | * | |
| **DEPARTMENT OF CORRECTIONS** *et al.*, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiffs Kenneth Snowden, David Francis, Kevin Stewart, Darnell Munden, Duran Carrington, and Michael Harris have sued the Prince George's County Department of Corrections and several of its employees—namely, the Director, Mary Lou McDonough, in her official capacity, the Deputy Director of the Bureau of Operations, Colonel Mark E. Person, in his official capacity, the Deputy Director of the Bureau of Administration, Correne Labbe, in her official capacity, and the Chaplain, Reverend James Penn, in his official and individual capacities—alleging various statutory and constitutional violations of their right to the free practice and exercise of religion. ECF No. 12. Defendants have moved to dismiss certain counts in the Amended Complaint and ask that Prince George's County, Maryland, be substituted as the sole Defendant in the case. ECF No. 21.

For the reasons that follow, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendants' Motion.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are all Muslim inmates currently detained at Prince George's County Department of Corrections (the DOC). ECF No. 12 ¶¶ 10-15. The DOC confines sentenced

1

persons in its facilities as well as those awaiting trial and promulgates policies, customs, and practices regarding the religious exercise of its inmates. Specifically, the DOC has a Religious Services Policy that states in pertinent part:

> Religious services, study and counseling (including crisis intervention) are conducted and coordinated by the Center's Chaplain and approved volunteers. The Chaplain is a full-time nondenominational chaplain available to assist you with your religious needs. Services are offered daily and/or weekly depending on your housing unit . . . . If you are interested in any religious services or counseling assistance, you must submit an Inmate Request for Information form to the Chaplain's office . . . .

*Id.* ¶ 31.

Defendants McDonough, Person, and Labbe (Official Capacity Defendants) are all employees of the DOC with authority to approve DOC policies, including policies regarding religious services for inmates. *Id.* ¶¶ 17-19. Defendant Penn is the DOC's Chaplain and has supervisory authority and control over the approval and coordination of religious services requests by inmates. *Id.* ¶ 20.

Despite having a Religious Services Policy, Plaintiffs allege that Defendants have not permitted Muslim inmates to perform Friday religious services or daily congregational prayers. Plaintiffs have each requested to perform such services. Because the DOC has refused to provide them with the appropriate form to request a religious accommodation, Plaintiffs have written these requests on other forms or on blank sheets of paper. *Id.* ¶¶ 42-43. However, Defendants have purportedly taken the requests and refused to process them. *Id.* ¶ 44.

Moreover, Plaintiffs, along with several other Muslim inmates at the facility, signed a petition requesting to perform Friday religious services and daily congregational prayers, which they say they gave to Defendant Penn. These requests were denied without explanation. *Id.* ¶¶ 45-46.

In the event that Plaintiffs do perform a religious service or congregational prayer, they are threatened with a disciplinary ticket, locked down in their cell, or held in solitary confinement. *Id.* ¶¶ 34-35.

On the other hand, Plaintiffs submit that Christian inmates are permitted to perform religious services and attend daily classes in groups of approximately 25-30 individuals. *Id.* ¶¶ 36-37. In fact, Plaintiffs allege, neither Christian inmates nor inmates that subscribe to any other faith, besides Islam, have been given a ticket, locked down in their cell, or held in solitary confinement for performing a congregational prayer or religious service. *Id.* at 38.

Similarly, nonreligious groups are also permitted to congregate and, according to Plaintiffs, regularly meet in groups of approximately 25-30 individuals. *Id.* at 39.

Based on these allegations, Plaintiffs filed a Complaint on January 18, 2018, which they subsequently amended on January 23, 2018. ECF No. 12. The Amended Complaint states six causes of action: 1) violation of Plaintiffs' right to free exercise of religion under the Religious Land Use and Institutionalized Persons Act (RLUIPA) against the DOC and Official Capacity Defendants;[1] 2) religious discrimination in violation of RLUIPA against the DOC and Official Capacity Defendants; 3) violation of Plaintiffs' right to free exercise of religion in violation of the First and Fourteenth Amendments of the U.S. Constitution against all Defendants; 4) Equal Protection Clause violations against all Defendants; 5) Establishment Clause violations under the First and Fourteenth Amendments against all Defendants; and 6) violations of 42 U.S.C. § 1983 against Defendant Penn in his individual capacity.

---

[1] Plaintiffs have clarified that they are not seeking damages under RLUIPA against Defendant Penn in his individual capacity, which they concede are unavailable. ECF No. 23 at 3. Plaintiffs seek injunctive and declaratory relief against all Defendants for all counts but seek compensatory and punitive damages against Defendant Penn in his individual capacity only under Counts III-VI.

Having previously denied Plaintiffs' Motion for Clerk's Entry of Default, the Court heard oral argument on Defendants' Motion to Dismiss on July 30, 2018.

In their Motion, Defendants move to substitute Prince George's County, Maryland, for the DOC and the Official Capacity Defendants. Defendants also seek dismissal of the § 1983 claims against Defendant Penn—the only Defendant sued in his individual capacity—for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he or she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court accepts factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III.   ANALYSIS

A.   *Substitution of Prince George's County, Maryland*

As an initial matter, the parties agree that Prince George's County, Maryland, is properly substituted for the DOC. *See Hines v. French,* 157 Md. App. 536, 573 (2004) (affirming

dismissal of claims against the Baltimore County Police Department on ground that a county police department could not be viewed as a separate legal entity). Thus, Defendants' Motion in that respect is **GRANTED.**

That said, there remains a dispute as to whether the County may also be substituted for the Official Capacity Defendants.

The Court sees no reason to keep the Official Capacity Defendants in the case when it is undisputed that the real party in interest is the County. *See Gray v. Laws*, 51 F.3d 426, 431 (4th Cir. 1995) (noting that "in official capacity suits against local government officers, 'the real party in interest,' is ordinarily the local government entity itself"); *Lowery v. Prince Georges County,* 960 F. Supp. 952, 953 (D. Md. 1997) (stating that "an official capacity claim against a government employee is, in effect, a claim against the governmental unit."). As Defendants suggest, it would certainly streamline discovery to substitute the County for the Official Capacity Defendants. In contrast, Plaintiffs have not identified any prevailing need to keep the Official Capacity Defendants in the case.

Thus, in the interests of judicial economy, the Court **DISMISSES** the claims against Defendants McDonough, Person, and Labbe.

B.     *Section 1983 Claim Against Defendant Penn*

Defendants next move to dismiss the claim brought under 42 U.S.C. § 1983 against Defendant Penn, arguing that Plaintiffs have not met their burden of pleading facts sufficient to state a plausible claim for relief under the statute.[2]

---

[2] The Court notes that this argument was not raised in Defendants' Motion to Dismiss but was instead argued for the first time in Defendants' Reply Brief. "Ordinarily, arguments raised for the first time in a reply brief or memorandum will not be considered." *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, 708 F. Supp. 2d 527, 535 (D. Md. 2010) (citing *SEC v. Pirate Investor,* 580 F.3d 233, 255 n. 23 (4th Cir. 2009)). However, whether to consider such arguments lies within the discretion of the Court. *Id*. (citing *Clawson v. FedEx Ground Package Sys., Inc.,* 451 F.Supp.2d 731, 734 (D. Md. 2006)). Because Plaintiffs had the opportunity to address this issue at oral argument, the Court will consider the merits of the argument here.

Section 1983 provides for liability on "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim of individual liability under § 1983, there must be an allegation that the defendant acted personally in the deprivation of the plaintiff's rights. *Wilcox v. Brown,* 877 F.3d 161, 170 (4th Cir. 2017); *see also Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (noting that the defendant must have "personal knowledge of and involvement in the alleged deprivation of [Plaintiff's] rights in order to be liable").

With only the DOC and Penn remaining in the case, the Court is satisfied that the Amended Complaint states facts sufficient for an alleged violation of 42 U.S.C. § 1983 by Defendant Penn. Plaintiffs allege that Defendant Penn has supervisory authority and control over the approval and coordination of religious services requests by inmates and that he has denied requests for religious services by Muslim inmates while simultaneously granting requests and coordinating religious services for Christian inmates. ECF No. 12 ¶¶ 20, 32-44. Plaintiffs further allege that they submitted a petition to Defendant Penn in which they requested to perform Friday religious services and daily congregational prayers, which he subsequently denied without an explanation. *Id*. ¶ 45. These allegations state a plausible claim that Defendant Penn was personally involved in the deprivation of Plaintiffs' right to equal protection and free exercise of religion under the U.S. Constitution.

Accordingly, Defendants' Motion is **DENIED** insofar as it seeks dismissal of the § 1983 claim against Defendant Penn.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 21) is **GRANTED-IN-PART** and **DENIED-IN-PART.** Defendants' request that the Court substitute Defendant Prince George's County, Maryland, for the DOC and the Official Capacity Defendants is **GRANTED.** The request to dismiss the § 1983 claim against Defendant Penn is **DENIED.**

A separate Order will **ISSUE**.

                                                                                         /s/

                                                        **PETER J. MESSITTE**
                                      **UNITED STATES DISTRICT JUDGE**

**August 14, 2018**