# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNETH SNOWDEN** *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil No. **PJM 18-160** |
| **PRINCE GEORGE'S COUNTY, MARYLAND,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiffs Kenneth Snowden, David Francis, Kevin Stewart, Darnell Munden, Duran Carrington, and Michael Harris have sued the Prince George's County Department of Corrections and several of its employees—namely, the Director, Mary Lou McDonough, in her official capacity; the Deputy Director of the Bureau of Operations, Colonel Mark E. Person, in his official capacity; the Deputy Director of the Bureau of Administration, Correne Labbe, in her official capacity; and the Chaplain, Reverend James Penn, in his official and individual capacities—alleging various statutory and constitutional violations of their right to the free practice and exercise of religion. ECF No. 12.

On August 14, 2018, the Court issued a Memorandum Opinion and Order (ECF Nos. 32 33), ruling on Defendants' pending Motion to Dismiss. ECF No. 21. In that Opinion, the Court, consistent with the agreement of the parties, dismissed all claims against the Prince George's County Department of Corrections and substituted Prince George's County, Maryland, as the sole organizational Defendant. *See* ECF No. 32 at 4-5. The Court also dismissed the claims against the Department of Correction employees in their official capacity—viz., Defendants

McDonough, Person, and Labbe—determining that an official capacity claim is essentially a claim against the County. *See id.* at 5 (citing *Gray v. Laws*, 51 F.3d 426, 431 (4th Cir. 1995) (noting that "in official capacity suits against local government officers, 'the real party in interest,' is ordinarily the local government entity itself")). However, the Court neglected to dismiss the claims against Defendant Penn in his official capacity.[1] For the same reasons stated in its August 14, 2018, Memorandum Opinion as to the other official capacity Defendants, the Court **DISMISSES** the claims against Defendant Penn in his official capacity. Defendant Penn remains in the case in his individual capacity only.

In all other respects, the Court incorporates and re-affirms its August 14, 2018, Memorandum Opinion here.

For the foregoing reasons, the Court **AMENDS** its August 14, 2018, Memorandum Opinion (ECF No. 32) and **DISMISSES** the claims in the Amended Complaint against Defendant Penn in his official capacity**.**

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**August 16, 2018**

---

[1] Defendant Penn is the only Defendant who was sued in both his individual and official capacities.